# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW JERSEY.

### FEBRUARY TERM, 1875.

---

## MOTT, trustee, *vs.* E. MERCER SHREVE.

The complainant took a decree for sale of the mortgaged premises to raise the interest due on the mortgage, and costs of suit. The principal was not due. The decree provided for the sale of the premises to raise the interest and costs, and that the mortgage stand as a lien for the payment of the principal, with the interest to become due thereon, according to the condition of the bond. The complainant purchased the property at the sale under the execution, and subsequently applied to be relieved from his bid, on the ground of surprise; that he was not aware that in purchasing the property, he would extinguish his mortgage. Application refused.

---

Motion to relieve complainant from bid at sheriff's sale, and to open and amend the final decree in the cause, and to amend the execution.

*Mr. F. Kingman*, for the motion.

*Mr. E. Mercer Shreve*, contra.

THE CHANCELLOR.

The complainant applies to be released from his purchase of the mortgaged premises at the sale under the execution issued in this cause, and for an amendment of the final decree

Mott *v.* Shreve.

and execution, so as to provide for the sale of the premises to pay and satisfy the principal of the mortgage and all interest due thereon. The occasion of this application is, that by consent of the solicitor of the complainant and the defendant, E. Mercer Shreve, the obligor and mortgagor, and the consequent direction of the former, the master, by his report, dated January 23d, 1874, after reporting the amount due to the complainant for interest, ($3150,) on the mortgage, and that the mortgaged premises were so situated that there could not be a sale of part thereof to raise the interest, (the principal of the mortgage was not due, and will not be till April 15th, 1877,) and costs, without great prejudice to the remainder of the property, certified that the solicitor of the complainant had appeared before him and stated that the complainant's bill had been filed and the suit instituted to raise and compel the payment only of the interest money, which had accrued and become payable on the mortgage; that the principal was not demanded or required, and that under the circumstances of the case, the complainant desired that the mortgaged premises should be sold to raise and pay the interest money, which was then due and payable, leaving the mortgaged premises subject to the lien of the mortgage to secure the payment of the principal sum of $30,000, with the interest to grow due thereon, according to the condition of the bond. The master thereupon reported that in his opinion, it was just and reasonable that the mortgaged premises be sold to raise and satisfy the interest money then due, with costs, and that the mortgage stand as a lien for the payment of the principal with the interest to become due thereon, according to the condition of the bond. On the 27th day of January, 1874, a final decree was made in the cause in accordance with the recommendation of the master, and directing that the mortgaged premises be sold accordingly. The decree contained a personal decree for deficiency against the defendant, Mr. Shreve. A writ of *fieri facias* was issued to the sheriff of Mercer, in conformity with the directions of the decree, commanding him to make sale of the premises, subject to the principal of the mortgage

and the interest to accrue thereon, according to the condition of the bond, to raise the interest reported due, with the costs. Under this writ, the sheriff set up the premises for sale with due proclamation, to apprise all persons desiring to purchase, that the purchaser would buy the premises subject to the principal of the mortgage and the interest to accrue, according to the condition of the bond, and after various bids, the premises were struck off and sold to the complainant, who was the highest bidder, at $2200. He signed an acknowledgment of his purchase, and gave his check for the deposit required by the conditions of the sale. Afterwards, he became dissatisfied with the purchase, and directed the sheriff to re-advertise the premises and re-sell them. Mr. Shreve thereupon applied to this court to restrain the sheriff from re-selling the property. The application was granted. The complainant now asks, as before stated, to be released from his bid, and that the decree and execution may be amended, so as to provide for the sale of the whole of the mortgaged premises, to raise the principal with the interest reported to be due, and costs.

The complainant alleges that when he purchased the property he was not aware that, by his purchase, he would merge his mortgage; and he insists that the decree, as it stands, is not lawful, because it is not in conformity with the sixty-seventh section of the chancery act. *Nix. Dig.* 114. *Revision, tit. Chancery,* § 74.

It appears by the testimony taken in this matter, that the complainant's solicitor bid for him, in his presence, throughout the sale. As before stated, the complainant signed an acknowledgment of his purchase, and gave his check for the required deposit. His solicitor and he both must be presumed to have been aware of the effect of the purchase of the property by the complainant, that it would extinguish the mortgage. What other result could have been expected or anticipated? The complainant caused the property to be set up for sale, subject to the principal and interest to become due on his mortgage. He says in his petition, that he knew the property was to be sold subject to the

principal of his mortgage. In his testimony he says, that the property was put up by the sheriff, to be sold subject to the mortgage of $30,000, and that it was so announced at the time of the sale. If a stranger had bought the property, he would have taken it subject to an equitable lien in favor of the complainant for the amount of the principal and the interest to accrue thereon. The mortgage, however, would have been gone, for the purchaser would have acquired, by his purchase, all the interest of the mortgagor and mortgagee. But when the complainant himself became the purchaser, the encumbrance was merged in the legal estate he acquired by the sale, and the debt was in equity extinguished. *Cox* v. *Wheeler,* 7 *Paige* 248. The complainant cannot be relieved from his bid on the ground of his ignorance of the effect of his purchase. His solicitor, in his testimony, says the last bid previous to the one on which the property was struck off, was $2100, and thereupon he bid $2200. He says it had not, so far as he knows, and as he believes, entered into the mind of either himself or the complainant, that the latter should become the purchaser, and that he thought there would be no danger in bidding; that Mr. Shreve would see that the property brought the amount of the decree, or near it. It was no part of the duty of either of these gentlemen, the counsel or his client, to secure a good price for the property by puffing. Nor can I amend the decree. It was made by consent—by arrangement between the solicitor of the complainant and Mr. Shreve. Their correspondence which led to it, is before me. It shows, as does the master's report, that the decree was made deliberately.

The section of the chancery act above referred to, provides that when a decree of this court shall be made for the sale of mortgaged premises, where the whole sum secured by the mortgage is not due, either for non-payment of any portion or installment of the debt or demand intended to be secured by the mortgage, or the non-payment of interest due, or both, if it shall appear to the court that a part of the mortgaged premises cannot be sold to satisfy the amount due, without

material injury to the remaining part of the mortgaged premises, and that it is just and reasonable that the whole of the mortgaged premises should be sold together, it shall and may be lawful for the court to decree a sale to be made of the whole of the mortgaged premises, &c. The argument of the complainant's counsel is, that the mode thus pointed out must be adopted in all cases within the description, and that, therefore, it was not competent for the court to make the decree made in this case, but it was obligatory on the court to order the whole of the mortgaged premises sold. The statute in question is permissive in its terms. It obviously does not preclude the court from making a decree by consent of the parties in interest, for the sale of mortgaged premises in any different method from that designated therein. In this case, the complainant is not in a position to claim the protection of the court as against the decree. He was not deceived ; he was not even *inops consilii.* His counsel conducted the correspondence, and, as appears by the master's report, controlled the action of the master ; obtaining from him the recommendation that the decree be made for the sale of the property to raise the interest, subject to the encumbrance of the principal and the interest to become due. His counsel drew the decree, and it appears to have been drawn carefully. No fraud is suggested. By the sale under the decree, if a stranger had become the purchaser, the complainant would not only have obtained payment of so much of the interest due as the net proceeds of the sale would have paid, but would have obtained additional security for the payment of the money, subject to the lien for which the property was sold, for the purchaser would have become liable for the payment of the debt which he would have been held to have assumed. The complainant, having chosen to buy the property himself, has all the advantages of the purchase. He has taken the property in payment of the mortgage debt and all the interest accrued and to accrue on it, except the amount of interest reported due and not raised by the sale, for which he will be at liberty to look to his personal decree for deficiency against Mr.

Shreve. It appears that there were several bids at the sale, and that there was one person, as before stated, who was willing, as his bid showed, to give $2100 for the property, subject to the principal of the mortgage and the interest to accrue thereon. The complainant was not willing to permit him to purchase the property at that price, but himself bid a greater one. Since the sale, the property may have, and probably has, depreciated in value. These considerations are, in themselves, important, and would, if the way were otherwise clear to granting to the complainant the relief he seeks, prevent the court, out of regard for the rights of the defendant, who has done no wrong, and is not charged with any manner of deceit, from according it. There appears to me to be no good reason for opening the decree.

The petition will be dismissed, with costs.